UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KRISTA M.,

        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

---

21-CV-01217-MJR
DECISION AND ORDER

      Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 12)

      Plaintiff Krista M.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, and defendant's motion (Dkt. No. 10) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB and SSI on January 22, 2020, with an alleged onset date of May 21, 2019. (Administrative Transcript ["Tr."] 15, 207-17). The claims were initially denied on April 9, 2020, and upon reconsideration on July 9, 2020. (Tr. 15, 66-85, 138-61). Plaintiff filed a timely request for an administrative hearing before an administrative law judge ("ALJ"). (Tr. 162-77). On December 23, 2020, a telephone hearing was held by ALJ Regina Sobrino, during which Plaintiff participated, with counsel. (Tr. 33-65). A vocational expert ("VE") also testified at the hearing. The ALJ issued an unfavorable decision on January 27, 2021. (Tr. 12-32). The Appeals Council denied Plaintiff's request for review on October 18, 2021. (Tr. 1-11). This action followed.

## DISCUSSION

I. *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. <u>The ALJ's Decision</u>

Preliminarily, the ALJ found Plaintiff's last insured date to be December 31, 2024. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 21, 2019, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff has the following severe impairments: mild degenerative disc disease of the cervical spine; type II diabetes mellitus; fibromyalgia; and degenerative joint disease. (Tr. 17-19). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work, except she could not climb ladders, ropes or scaffolds; could occasionally climb stairs and ramps; and could occasionally stoop, balance, kneel, crouch, and crawl. (Tr. 21-25). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a cashier. (Tr. 25-26). In the alternative, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy

that Plaintiff can perform. (Tr. 26-27). Therefore, the ALJ found that Plaintiff is not disabled. (Tr. 27-28).

IV.     *Plaintiff's Challenge*

Plaintiff argues that the case must be remanded because the ALJ inadequately evaluated the medical opinion evidence. The Court agrees.

On March 17, 2020, Dr. Russell Lee, M.D., a consultative medical examiner, performed a medical exam on the Plaintiff, and opined that she has moderate limitations for activities involving prolonged standing, prolonged sitting, walking great distances, bending, lifting, and reaching above her head. (Tr. 24, 428-31). The ALJ found Dr. Lee's opinion "not fully persuasive" because the term "moderate" was nonspecific. (Tr. 24).

On December 14, 2020, Plaintiff's primary treating medical provider, Joshua Radecki, P.A., issued a report (Tr. 511-16) opining, *inter alia,* that Plaintiff's pain was present bilaterally in the lumbosacral, cervical, and thoracic spine, shoulders, arms, hands/fingers, hips, legs, kneels, ankles, and feet; she could walk one block; she could sit 30 minutes, and stand 30 minutes; she could sit or stand/walk four hours total; she needed to change position at will; she needed to walk for five minutes every 60 minutes; she was also limited in neck movement looking down, turning left or right, and looking up; she was limited grasping, turning, and twisting (20%), fine manipulation (40%), reaching in front (5%); and reaching overhead (2%); and she would be off task 10 percent of the time and miss four workdays per month. The ALJ found P.A. Radecki's opinion to be "not fully persuasive" because P.A. Radecki's treatment notes did not support the limitations to which he opined. (Tr. 24). The ALJ stated: "Clinically, the [Plaintiff] had reduced range

of motion and pain, but objective clinical findings do not limitations to work at no more than a sedentary exertional level."[3] (Tr. 24).

Instead of relying on the medical opinions of consultative examiner Dr. Lee and P.A. Radecki, both of whom physically examined the Plaintiff before rendering their opinions, the ALJ relied on two earlier opinions by State agency medical consultants, neither of whom physically examined the Plaintiff, and whose opinions "were based on a partial evidentiary record." (Tr. 25).

The Court finds the ALJ's evaluation of the medical opinion evidence to be problematic for several reasons.  First, the Court finds the ALJ's evaluation of P.A. Radecki's opinion to be confusing.  The ALJ stated, without citation, that "[c]linically, the [Plaintiff] had reduced range of motion and pain, but objective clinical findings do not limitations to work at no more than a sedentary exertional level." (Tr. 24).  It is unclear what the ALJ is trying to say here.  There appears to be a typographical error (a word left out).  However, beyond that, it is still confusing as it states that Plaintiff has a reduced range of motion and pain, but then appears to try to draw a distinction between Plaintiff's ability to do light work as opposed to sedentary work, without explanation.  The ALJ goes on to state, without citation or explanation, that other limitations opined by P.A. Radecki, such as work absences, are not supported "by the entirety of the treatment record."  (Tr. 24).  Such a "conclusory explanation" is insufficient.  *See Morgan v. Colvin*, 592 F. App'x 49, 50 (2d Cir. 2015) (remanding where ALJ provide one sentence conclusory explanation to reject a treating physician opinion); *Pamela P. v. Saul*, No. 3:19-CV-575 (DJS), 2020

---

[3] This is an exact quote from the ALJ's decision.  It appears to contain a typographical error, which the Court will discuss below.

WL 2561106, at *6 (N.D.N.Y. May 20, 2020) (remanding for the "conclusory nature of the ALJ's reasoning" in determining persuasiveness of opinions).

Second, the Court finds the ALJ's evaluation of the medical opinion of Dr. Lee, the consultative medical examiner, problematic. The ALJ found the opinion to be "nonspecific" because Dr. Lee used the word "moderate" to describe Plaintiff's limitations. If the ALJ found Dr. Lee's opinion to be insufficiently specific or vague, she should have contacted Dr. Lee for further explanation. *See Tolhurst v. Comm'r of Soc. Sec.*, 2016 WL 2347910, *5-6 (N.D.N.Y. May 4, 2016) (remanding for ALJ to re-contact consulting examiner where that doctor's opinion was too vague to rely upon in formulating the RFC).

Lastly, the Court finds the ALJ's reliance of the opinions of the consultative examiners problematic. While it is true that under the new applicable regulations, the ALJ is not required to give any specific evidentiary weight, including controlling weight, to any medical opinion, including that of the treating physician, 20 C.F.R. §§ 404.1520c(a), 416.920c(a), "[t]he new regulations cannot be read as a blank check giving ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner." *Donald S. v. Comm'r of Soc. Sec.*, No. 20-CV-01292-MJR, 2022 WL 1302131, at *3 (W.D.N.Y. May 2, 2022) (quoting *Dany Z. v. Saul*, 531 F. Supp. 3d 871 (D. Vt. 2021)); *see also Tammy J. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00107-GRJ, 2022 WL 3714668, at *6 (S.D.N.Y. Aug. 29, 2022) ("The new regulations cannot be read as a blank check giving ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner."). That appears to be what happened here. Further, the ALJ even noted that the consultative examiners both relied on only "a partial evidentiary record" to render their opinions. (Tr. 25). The Second Circuit has held that "the

written reports of medical advisors who have not personally examined the claimant deserve little weight in the overall evaluation of disability. The advisers' assessment of what other doctors find is hardly a basis for competent evaluation without a personal examination of the claimant.'" *Vargas v. Sullivan*, 898 F.2d 293, 295-96 (2d Cir. 1990) (citation omitted).

Based on the above, the Court cannot, at this time, say that the ALJ's decision was supported by substantial evidence. On remand, the ALJ should: (1) seek clarification from Dr. Lee as to his opinion; (2) clarify and more fully explain her reasoning for rejecting P.A. Radecki's opinion; and (3) explain in greater detail her decision to adopt the opinions of the consultative examiners over those of the treating source and consultative examiner.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted and defendant's motion for judgment on the pleadings (Dkt. No. 10) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   March 12, 2024
         Buffalo, New York

                                          MICHAEL J. ROEMER
                                          United States Magistrate Judge